IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN MESSENGER,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Dr. Bryan Messenger, the Plaintiff, brings this Complaint against the National Board of Medical Examiners, alleging discrimination based on disability in violation of law.

## INTRODUCTION

1. Dr. Bryan Messenger is a graduate of St. George's Medical School and lives in Branchburg, New Jersey with his wife and four children.

2. Dr. Messenger has a well-documented history of dyslexia since childhood for which he has previously received accommodations, including additional time on tests.

3. Since he was a young boy, Dr. Messenger's goal has been to become a pediatrician. As a child with dyslexia, Dr. Messenger learned to appreciate the challenges children face when they learn differently and that experience has taught him compassion for his patients and the importance of a sense of humor.

4. In medical school, Dr. Messenger required and was routinely provided extra

time for examinations.

5. In medical school, Dr. Messenger participated in pediatric clinical rotations that confirmed his choice of vocation. Working with children comes naturally to Dr. Messenger. Based on his strong performance, the Director of Pediatrics who supervised Dr. Messenger encouraged him to apply for a pediatric residency.

6. In April 2017, Dr. Messenger graduated from medical school and was looking forward to becoming a licensed physician, completing a residency program, and enjoying a long, successful career providing quality medical care to children.

7. Before beginning a residency, Dr. Messenger must take and pass Step 2 CK of the United States Medical Licensing Exam administered by the NBOME in order to be licensed to practice medicine in New Jersey.

8. Dr. Messenger requested the testing accommodations he needs because of his disability for Step 2 CK of the United States Medical Licensing Exam.

9. However, the NBME has refused to acknowledge his disability and denied his request for double time.

10. Because the NBME refuses to permit Dr. Messenger to take Step 2 of the United States Medical Licensing Exam with the accommodations he needs, the test measures the extent of his dyslexia rather than his ability to practice medicine.

11. As a result of the NBME's discriminatory conduct, Dr. Messenger is unable to pursue his dream and despite earning his medical degree is unable to begin a residency or practice medicine.

12. Accordingly, Dr. Messenger brings this action against the National Board of Medical Examiners to seek redress for its violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*; and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S. § 10:5-1

et seq. He seeks injunctive relief to allow him to take the United States Medical Licensing Exam with the testing accommodations he needs, compensatory damages for the harm the Defendant has inflicted and continues to inflict upon him along with punitive damages to penalize Defendant for its discriminatory conduct. He also seeks declaratory relief that will ensure that the Defendant properly understands its obligations with respect to future applicants for accommodations, and attorneys' fees and costs.

13. Defendant's failure to grant Dr. Messenger's request for testing accommodations has sidetracked his career, preventing him from timely obtaining licensure as a physician, and timely admission to a residency program. Completion of all these steps is necessary for Dr. Messenger to achieve his dream of becoming a pediatrician. In an attempt to mitigate the harm Defendant's actions have caused him, Dr. Messenger seeks, in addition to other relief, a preliminary injunction to require Defendant to immediately grant the required testing accommodations.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over Plaintiff's claims brought under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's claims brought under the New Jersey Law Against Discrimination pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2) and (c)(2) because Plaintiff resides in this District and has suffered, and continues to suffer, consequences of Defendants' discriminatory actions in this District.

## PARTIES

16. Plaintiff, Dr. Bryan Messenger, lives at 1113 Magnolia Lane, Branchburg, NJ. He is a 2017 graduate of St. George's University Medical School. As described more fully below, he is a qualified individual with a disability and so was entitled to accommodations pursuant to the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973

("Section 504"), and the New Jersey Law Against Discrimination.

17. Defendant National Board of Medical Examiners (NBME) is an independent not-for-profit organization with its principal place of business in Philadelphia, Pennsylvania. NBME develops, manages, and administers the United States Medical Licensing Exam (USMLE), a professional licensing examination that is required for physician licensure in New Jersey. Therefore, the NBME has the responsibility to offer testing accommodations to individuals with disabilities who take the USMLE. The NBME administers the USMLE at testing centers throughout New Jersey.

18. The NBME is a recipient of Federal financial assistance for purposes of Section 504 including but not limited to funds from the U.S. Department of Defense and the U.S. Department of Veterans Affairs.

## FACTUAL BACKGROUND

19. Bryan Messenger is 35 years old and resides in New Jersey with his wife and four young children.

20. Since childhood, Dr. Messenger has had difficulty with reading. In second grade, he was tested and determined to have a learning disability. He was placed in remedial reading classes. He participated in special education classes and was given an Individual Education Program (IEP).

21. In December 2011, approximately a month before starting medical school, Dr. Messenger was tested by a psychologist and again diagnosed with a reading disorder. The psychologist also concluded that Dr. Messenger needed additional time on tests because of his disability.

22. St. George's University Medical School granted Dr. Messenger's request for double time for examinations.

23. With the necessary testing accommodations, Dr. Messenger successfully

completed medical school and obtained his M.D. degree in April 2017.

24. On September 15, 2015, Dr. Messenger took the USMLE Step 2 CK. However, without accommodations, he failed the exam as the test measured his dyslexia and he was not able to demonstrate his knowledge of medicine.

25. In November 2015, Dr. Messenger was tested by Lisa P. Kestler, Ph.D. of The Dyslexia Center of Princeton in Princeton New Jersey and was diagnosed with a reading disability for a third time. Specifically, he was diagnosed with moderate-severe dyseidetic dyslexia (difficulty with word recognition and spelling) and mild-moderate dysphonetic dyslexia (difficulty connecting sounds to symbols). Dr. Kestler concluded that he needed double time on tests because of his disability.

26. On November 16, 2015, Dr. Messenger submitted to Defendant his application for testing accommodations on the USMLE Step 2 CK. He specifically requested extra time on the exam. Along with the NBME accommodations request form, Dr. Messenger submitted substantial documentation of his disability and related need for extra time.

27. Dr. Messenger's requested testing accommodation of extended time is routinely provided by Defendant for the USMLE.

28. Dr. Messenger's requested testing accommodation of extended time would not substantially alter the test.

29. In a letter dated March 3, 2016 Defendant denied Dr. Messenger's request for testing accommodations. In its denial, Defendant offered no basis for its rejection of the opinions of two psychologists and the entirety of Dr. Messenger's educational history showing a disability requiring accommodation back to his early childhood.

30. Given Defendant's denial of his request for testing accommodations, Dr. Messenger again took the USMLE Step 2 CK without accommodations on May 31, 2016 and again failed the exam as the lack of accommodations precluded him from demonstrating his knowledge of

5

medicine. He had difficulty finishing sections of the exam and had to guess in order to do so. He also experienced fatigue.

31. In November 2016, Dr. Messenger appealed Defendant's March 2016 denial of his request for testing accommodations and again requested extra time on the USMILE Step 2 CK.

32. In a letter dated December 9, 2016, Defendant again denied Dr. Messenger's request for testing accommodations.

33. From August 2014 through May 2016, Dr. Messenger successfully completed clinical rotations including four pediatric rotations. In May 2016, Dr. Messenger completed these clinical rotations and, due to Defendant's refusal to grant testing accommodations to his, has been in career limbo since that time.

34. Passing USMLE Step 2 CK is a prerequisite for Dr. Messenger to be able to participate in a residency program. Because he twice failed the Step 2 CK in 2015 and 2016 without the necessary testing accommodations, Dr. Messenger was unable to obtain a 2016 or 2017 residency placement.

35. Failure to pass the USMLE Step 2 CK by September 15, 2017 will prevent Dr. Messenger from competitively applying for 2018 residency programs.

36. The more time that passes between Dr. Messenger's completion of his clinical rotations and his residency applications, the greater the likelihood that Dr. Messenger will not be accepted into a residency program and will not be able to pursue his dream of becoming a pediatrician.

37. Since completing his clinical rotations in May 2016, Dr. Messenger has been able to obtain only temporary non-medical positions when he has been able to find work at all.

38. Dr. Messenger accrued significant student loan debt during his completion of medical school. He anticipated being able to easily pay back those loans with the earnings from his residencies and eventual practice of pediatric medicine. Due to Defendant's discriminatory conduct,

Dr. Messenger has been unable to even begin paying back those loans.

39. Each time Dr. Messenger applies to take the USMLE Step 2 CK, he incurs costs to take this examination under discriminatory conditions. As a result of Defendant's failure to adequately accommodate his disability, Dr. Messenger suffered, and continues to suffer, harm. These losses, caused by Defendant's conduct, include but are not limited to, actual monetary losses, future monetary losses, and other injuries including but not limited to humiliation, embarrassment, frustration, emotional distress, and denial of equal treatment and access.

40. Defendant had no basis for either its determinations that Dr. Messenger's dyslexia is not a disability or its refusals to grant him the necessary testing accommodation of extended time to the full extent he had received during medical school and which two psychologists uniformly determined is necessary.

41. Upon information and belief, Defendant also maintains records documenting that Dr. Messenger has twice failed the USMLE Step 2 CK and has provided him with no official acknowledgement that the failures were the result of discriminatory test administration.

42. Even in the event Defendant grants testing accommodations to Dr. Messenger due to this lawsuit, absent expungement and/or official acknowledgement of discrimination, Dr. Messenger must still disclose and struggle to explain his past failures of the USMLE Step 2 CK during his application for residency programs and future job searches despite such failures having been the result of discriminatory testing conditions.

43. Defendant NBME has a history of denying testing accommodations to people with dyslexia. In February 2011, the U.S. Department of Justice (DOJ) issued a press release[1] announcing settlement with NBME in regard to NBME's refusal to provide testing accommodations to a Yale Medical School Student. According to the press release, DOJ

---

[1] https://www.justice.gov/opa/pr/justice-department-settles-national-board-medical-examiners-over-refusalto-provide-testing (last accessed 5/22/2017)

opened an investigation in response to a complaint alleging that the NBME twice denied testing accommodations to a medical student with dyslexia. As a result of the settlement, NBME provided the complainant with double time on the USMLE and a separate testing area in which to take the exam. Defendant NBME's denial of Plaintiff's requests for testing accommodations not only violates the ADA, RA, and NJLAD but also violates the 2011 NBME agreement with DOJ. That settlement agreement is attached as Exhibit A.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF—Violation of the Americans with Disabilities Act
(42 U.S.C. §§ 12101 *et seq.*)

44. Plaintiff Bryan Messenger realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

45. Bryan Messenger is an individual with a disability. His dyslexia constitutes an impairment that substantially limits the major life activities of learning, reading, writing, and test-taking.

46. Dr. Messenger is a qualified individual with a disability because he is eligible to take and has taken on two occasions the USMLE Step 2 CK offered by Defendant NBME.

47. Defendant NBME administers a professional licensing examination and is therefore required to comply with Title III of the ADA.

48. Title III of the ADA and its regulations prohibit discrimination on the basis of disability in professional licensing examinations.

49. Section 309 of Title III provides that:

> Any person that offers examinations of courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals. 42 U.S.C. § 12189.

8

50. Title III regulations specifically provide that accommodating an individual with a disability may require a testing entity to change the length of time for an exam and/or the manner in which the examination is given. 28 C.F.R. § 36.309(b)(iii)(2).

51. Defendant NBME is the only entity that offers the USMLE Step 2 CK examination, passage of which is a prerequisite for the practice of medicine in all states including the State of New Jersey.

52. As an entity that offers examinations related to professional licensing, certification, or credentialing, Defendant NBME is required to assure that the examination is "administered so as to *best ensure* that . . . the examination results for an individual with a disability accurately reflect the individual's aptitude, achievement level, or whatever other factor the examination purports to measure rather than reflecting the individual's disability." 28 C.F.R. § 36.309 (emphasis added).

53. The ADA regulations prohibit Defendant from administering USMLE Step 2 CK without ensuring that the scores reported "accurately reflect the applicant's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the applicant's [disability]." 28 C.F.R. § 36.309(b)(1)(i).

54. Defendant's acts, policies, and practices discriminate against individuals with disabilities, including those who have dyslexia and/or other learning disabilities and require additional time to complete examinations.

55. Defendant discriminated against Dr. Messenger on the basis of disability by denying necessary testing accommodations.

56. Defendant has failed to make reasonable modifications to its policies and practices to ensure that Plaintiff and others with disabilities do not face such discrimination because of their disabilities.

57. Defendant has failed to best ensure that Dr. Messenger's performance on the

9

USMLE Step 2 CK is representative of his abilities rather than his disabilities.

58. Dr. Messenger was unable to obtain medical residencies starting in summer 2016 and summer 2017 as the result of Defendant's discrimination. The next available medical residences do not begin until summer 2018. Accordingly, Defendant's discrimination has delayed Dr. Messenger's career by at least two years.

59. Due to Defendant's discrimination, Dr. Messenger had to take an extra completion exam in March 2017 in order to obtain his M.D. degree from St. George's University Medical School. St. George's ordinarily awards an M.D. degree when a student completes all medical school coursework and passes the USMLE Step 2 CK. St. George's provided Dr. Messenger with extra time for the completion exam and he passed that exam.

60. Defendant's discrimination has also prevented Dr. Messenger from becoming a licensed New Jersey physician since passing the USMILE Step 2 CK is a prerequisite for licensure.

61. In addition, Defendant's discrimination has prevented Dr. Messenger from obtaining gainful employment in medically related positions.

62. Dr. Messenger must now disclose and explain failure on the USMLE Step 2 CK during his job search despite such failure being directly the result of Defendant's denial of his legal rights.

63. Declaratory and injunctive relief is necessary to clear the way for Plaintiff to take the USMLE Step 2 CK with the necessary testing accommodation of extended time. Taking the USMLE Step 2 CK with this testing accommodation will enable Plaintiff to pass this examination, obtain physician licensure, competitively apply for summer 2018 residency programs, and apply for gainful employment in medical fields.

**SECOND CLAIM FOR RELIEF—Violation of Section 504 of the Rehabilitation Act**

(29 U.S.C. § 794 *et seq.*)

64. Plaintiff Bryan Messenger realleges and incorporates by reference all foregoing paragraphs, as if fully set forth herein.

65. Dr. Messenger is an individual with a disability. His dyslexia is an impairment that substantially limits the major life activities of learning, reading, writing, and test-taking.

66. Defendant NBME is a recipient of federal Financial assistance from the U.S. Department of Defense and U.S. Department of Veterans Affairs.

67. Defendant's activities thus are subject to the anti-discrimination requirements of Section 504 of the Rehabilitation Act.

68. Defendants' acts, policies, and practices discriminate against individuals with disabilities, including Dr. Messenger, who require testing accommodations. Because of his disability, Dr. Messenger was deprived of an equal opportunity to access the USMLE Step 2 CK.

69. Defendant discriminated against Dr. Messenger solely on the basis of his disability.

70. Defendant's refusal to grant Dr. Messenger the necessary testing accommodation of extended time is intentional discrimination against him with devastating consequences on his career and potential.

71. Defendant has failed to make modifications to its policies and practices to best ensure that Dr. Messenger and others with disabilities do not face such discrimination because of their disabilities and that their examination results reflect their abilities, not their disabilities.

72. Defendant's refusal to grant Dr. Messenger the testing accommodation of extended time is ongoing and continues to discriminate against him.

73. Defendant maintains records of Plaintiff's performance under discriminatory conditions and such records hinder Plaintiffs' job search and career prospects.

74. As the result of Defendant's actions, Dr. Messenger has been harmed – he

has lost income and earning potential and has experienced fear for his future, his ability to care for his family, and his ability to repay his medical school loans. He has been humiliated and lost standing he worked hard to earn in medical school. He has also experienced and continues to experience emotional distress.

### THIRD CLAIM FOR RELIEF—Violation of New Jersey Law against Discrimination
(New Jersey Statutes § 10:5-1 et seq.)

75. Plaintiff Bryan Messenger realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

76. Defendant offers the NBME Step 2 CK in New Jersey and makes determinations about testing accommodations that will be provided and permitted for individuals with disabilities including Dr. Messenger.

77. Dr. Messenger is an individual with a disability within the meaning of the New Jersey Law Against Discrimination, N.J.S. § 10:5-5. His dyslexia constitutes an impairment that substantially limits the major life activities of learning, reading, writing, and test-taking.

78. Defendant has intentionally and recklessly discriminated against Dr. Messenger on the basis of his disability with wanton and willful disregard of his legal rights by denying him an equal opportunity to demonstrate his aptitude and achievement level on the USMLE Step 2 CK and by failing to provide testing accommodations.

79. Defendant deliberately denied Dr. Messenger's request for testing accommodations with knowledge of a high degree of probability of harm to Dr. Messenger and reckless indifference to the consequences.

80. Defendant continues to discriminate against Dr. Messenger by failing, to date, to provide testing accommodations of extended time to him.  In addition, Defendant continues to discriminate against Dr. Messenger insofar as the Defendant maintains official records of Plaintiff's examination results that were obtained under discriminatory conditions and has taken no affirmative

steps to undo the harm its conduct has caused.

81. Defendant's discrimination and failure to remediate this discrimination continues to compromise Dr. Messenger's ability to apply for residency programs, to obtain his New Jersey medical license, and to obtain substantial gainful employment.

82. As the result of Defendant's actions, Dr. Messenger has been harmed – he has lost income and earning potential and has experienced fear for his future, his ability to care for his family, and his ability to repay his medical school loans. He has been humiliated and lost standing he worked hard to earn in medical school. He has also experienced and continues to experience emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bryan Messenger prays that this Court grant the following relief:

a. grant Plaintiff's request for declaratory relief, finding that Defendant's actions violated and remain in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and the New Jersey Law Against Discrimination, N.J.S. § 10:5-1;

b. enjoin Defendant to immediately grant Plaintiff double time for all elements of the United States Medical Licensing exams based on need as documented by his specialists and his educational history;

c. enjoin Defendant from maintaining and reporting records of Plaintiff's examination results received under discriminatory conditions and require Defendant to take affirmative steps to alleviate the ongoing repercussions of the discriminatory test administration that continue to hamper Plaintiff's medical licensure, residency application, and search for substantial, gainful employment;

d. enter a judgment for compensatory damages in favor of Plaintiff in an amount to be proven at trial before a jury that will fully compensate Plaintiff for the injuries alleged

herein resulting from Defendant's conduct;

  e. enter a judgment for punitive damages against Defendant in an amount to be determined by the jury;

  f. award Plaintiff his reasonable attorneys' fees and costs; and

  g. grant such other relief as it deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 26, 2017      Respectfully submitted,

          s/Clara R. Smit
          Clara R. Smit, NJ Bar No. 060086
          Law Office of Clara R. Smit
          100 Horizon Center Boulevard
          Hamilton, New Jersey 08691
          Phone: (732) 843-6600
          Fax: (877) 617-3494
          crsmitlaw@aol.com

          s/Martha M. Lafferty
          Mary M. Vargas*
          Michael Steven Stein*
          Martha M. Lafferty*
          Stein & Vargas, LLP
          840 First Street NE, Third Floor
          Washington, DC 20002
          Phone (202) 248-5092
          Facsimile (888) 778-4620
          michael.stein@steinvargas.com
          mary.vargas@steinvargas.com
          martie.lafferty@steinvargas.com

          *Motions to participate pro hac vice to be submitted after case opened