### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRYAN MESSENGER,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 3:17-CV-03755-FLW-DEA** |
| | ) |
| **NATIONAL BOARD OF MEDICAL** | ) |
| **EXAMINERS,** | ) |
| | ) |
| **Defendant.** | ) |

### DECLARATION OF CATHERINE FARMER, PSY.D.

1.      My name is Catherine Farmer.  I am over eighteen (18) years of age and, unless indicated otherwise, I have personal knowledge of the facts stated below.

2.      I am employed by the National Board of Medical Examiners (NBME) as Director of Disability Services.  I am also the ADA Compliance Officer, Testing Programs.  I hold a Doctor of Psychology degree.

3.      The NBME is a not-for-profit organization that provides assessment services for the health professions.  Its mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of health professionals.

4.      Together with the Federation of State Medical Boards, the NBME sponsors the USMLE, which is a standardized examination used to evaluate applicants' competence for medical licensure in the United States and its territories.  The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

5.     Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians.

6.     In order to protect the integrity and meaning of test scores, the USMLE is administered under standard conditions, and NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives unfair advantage on the examination.

7.     With limited exceptions, all examinees take the USMLE Step examinations under the same testing conditions, including standard testing time.   The primary exception to this policy is for individuals with documented disabilities who demonstrate that they need reasonable accommodations on the test.

8.     Testing accommodations are available on the USMLE for examinees with a disability, as defined under the ADA, as amended by the ADA Amendments Act of 2008 ("ADA").  All requests for accommodations are individually reviewed and, when warranted (*i.e.*, when the examinee demonstrates that he or she is disabled within the meaning of the ADA and needs reasonable accommodations to access the examination), reasonable and appropriate accommodations are provided.  Accommodations are denied when the submitted documentation fails to demonstrate that the examinee has a disability within the meaning of the ADA and/or that the requested accommodation is not required to access the examination.

9.     On occasion, NBME consults with independent professionals with expertise in the relevant disability.   NBME asks these consultants to review the requests and the supporting documentation submitted by the individuals who have requested accommodations and to provide a written recommendation regarding whether the requested accommodations are warranted.

10.     Four examinations make up the USMLE:  Step 1, Step 2 Clinical Skills ("Step 2 CS"), Step 2 Clinical Knowledge ("Step 2 CK"), and Step 3.

11.     Bryan Messenger submitted a request for testing accommodations for 150% testing time on Step 1 of the USMLE in 2014.  He reported that he had not received test accommodations prior to medical school. He subsequently withdrew his request, however, and tested under standard conditions.  He passed Step 1 of the USMLE under standard testing conditions in 2014.

12.     Mr. Messenger also took Step 2 CS of the USMLE under standard testing conditions in 2015 and passed.  He did not request accommodations on the Step 2 CS exam.

13.     Mr. Messenger first took the Step 2 CK exam in September 2015.  He did not request any accommodations on that administration.  He did not achieve a passing score.

14.     Mr. Messenger sought accommodations on Step 2 CK of the USMLE in November 2015.  He requested extra testing time, checking both the box for 50% extra testing time, and the box for 100% extra testing time.  True and correct copies of Mr. Messenger's request form and supporting documentation are attached at Exhibit A.  The documents at Exhibit A include materials that Mr. Messenger had submitted to NBME in support of his request for accommodations on the Step 1 exam in 2014 (which he ultimately withdrew), as well as additional documents that he submitted in support of his November 2015 request.

15.     NBME sought the recommendation of an independent professional, Dr. Richard Sparks, regarding Mr. Messenger's November 2015 request for accommodations on the Step 2 CK exam.  Dr. Sparks is an expert in learning disabilities and special education.  A true and correct copy of the written recommendation that Dr. Sparks provided to NBME is attached at Exhibit B.

16.     Based on Dr. Sparks's recommendation and my independent review of Mr. Messenger's supporting documentation, NBME concluded that Mr. Messenger's documentation did not demonstrate a substantial limitation in a major life activity compared to most people or that additional testing time is necessary in order for him to access the USMLE Step 2 CK exam. NBME therefore denied Mr. Messenger's request for extra testing time. A true and correct copy of my March 3, 2016 decision letter to Mr. Messenger is attached at <u>Exhibit C</u>.

17.     Mr. Messenger took the Step 2 CK exam in May 2016 under standard testing conditions. He did not achieve a passing score.

18.     In November 2016, Mr. Messenger submitted a new request for accommodations on the Step 2 CK exam, checking both the box for 50% extra testing time and the box for 100% extra testing time. A true and correct copy of Mr. Messenger's request and the new materials he provided in support of this request are attached at <u>Exhibit D</u>.

19.     NBME again provided Mr. Messenger's file to Dr. Sparks for an independent review and recommendation. A true and correct copy of the written recommendation that NBME received from Dr. Sparks is attached at <u>Exhibit E</u>.

20.     Mr. Messenger's entire file was reviewed, including the additional documentation he provided. Based on Dr. Sparks's recommendations and our independent review of the file, NBME again concluded that accommodations were not warranted. NBME therefore informed Mr. Messenger by letter dated December 9, 2016, that he was not approved for extra testing time. A true and correct copy of the December 9, 2016 letter to Mr. Messenger is attached hereto at <u>Exhibit F</u>.

21.     Dates of birth and social security numbers have been redacted from all documents attached to this declaration.  Page numbers have been added to Exhibits A and D in the lower right-rand corner of the page for ease of reference.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 5, 2017                    .

Catherine Farmer