Felice B. Galant
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.:  (212) 318-3000
felice.galant@nortonrosefulbright.com

Robert A. Burgoyne (admitted *pro hac vice*)
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001
Tel.:  (202) 662-0200
robert.burgoyne@nortonrosefulbright.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRYAN MESSENGER,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-03755-FLW-DEA |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) |
| Defendant. | ) |

**NBME'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Complaint.  NBME denies that it violated any law with respect to Plaintiff's request for testing accommodations on the United States Medical Licensing Examination ("USMLE"), denies that it discriminated against Plaintiff, and responds to the specific allegations in the correspondingly numbered paragraphs and claims as follows:

## INTRODUCTION

1. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. NBME admits that Plaintiff requested testing accommodations on Step 2 CK of the USMLE.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9. NBME admits that it denied Plaintiff's request for double time testing accommodations on Step 2 CK of the USMLE.  NBME denies that Plaintiff has demonstrated he is disabled, and therefore denies the remaining allegations in paragraph 9.

10. NBME denies the allegations in paragraph 10.

11. NBME denies the allegations in paragraph 11.

12. NBME admits that Plaintiff purports to bring this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and the New Jersey Law Against Discrimination ("NJLAD"), and seeks damages, injunctive and declaratory relief, and attorneys' fees and costs. NBME denies that it is subject to all provisions of Title III of the ADA, denies that it is subject to Section 504, and denies that it is a "place of public accommodation" within the meaning of the NJLAD. NBME denies that it violated these or any other statutes or laws with respect to Plaintiff's request for testing accommodations and denies that Plaintiff is entitled to any relief.

13. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 13 and therefore denies them. NBME denies the remaining allegations in paragraph 13, and denies that Plaintiff is entitled to any preliminary injunctive relief.

## JURISDICTION AND VENUE

14. The allegations in paragraph 14 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has subject matter jurisdiction over Plaintiff's claims.

15. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 regarding Plaintiff's residency and therefore denies them. NBME denies that it engaged in any discriminatory actions, in this District or otherwise. The remaining allegations in paragraph 15 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it is not challenging venue in this action.

**PARTIES**

16. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 16 and therefore denies them. NBME denies the remaining allegations in paragraph 16.

17. NBME admits the allegations in the first sentence of paragraph 17. NBME admits that it develops and manages the USMLE, and states that NBME administers the USMLE through a third-party vendor. NBME admits on information and belief that the USMLE is required for physician licensure in New Jersey. In response to the allegations in the third sentence of paragraph 17, NBME admits that it is subject to 42 U.S.C. § 12189, and denies the remaining allegations in this sentence. NBME admits that it administers the USMLE through a third-party vendor at testing centers in New Jersey.

18. NBME denies the allegations in paragraph 18.

**FACTUAL BACKGROUND**

19. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

- 5 -

24. NBME admits the allegations in the first sentence of paragraph 24, and admits that Plaintiff did not pass the USMLE Step 2 CK exam on September 15, 2015. NBME denies the remaining allegations in paragraph 24.

25. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. NBME admits that it received a request for testing accommodations on the USMLE Step 2 CK examination from Plaintiff on or about November 16, 2015, that Plaintiff requested extra time on the examination, and that Plaintiff submitted certain documentation as part of his request on November 16 and 18. NBME denies the remaining allegations in paragraph 26.

27. NBME admits that it grants extra time as a testing accommodation to examinees who demonstrate that they are disabled within the meaning of the Americans with Disabilities Act and need extra time to access the USMLE examination. NBME denies the remaining allegations in paragraph 27.

28. NBME denies the allegations in paragraph 28.

29. NBME admits the allegations in the first sentence of paragraph 29. NBME denies the remaining allegations in paragraph 29.

30. NBME admits that Plaintiff took the USMLE Step 2 CK examination on May 31, 2016 under standard conditions and did not pass the test. NBME denies the remaining allegations in the first sentence of paragraph 30. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and therefore denies them.

31. NBME admits that Plaintiff again requested testing accommodations on the USMLE Step 2 CK examination in November 2016, requesting extra time. NBME denies the remaining allegations in paragraph 31.

32. NBME admits the allegations in paragraph 32.

33. NBME denies the allegation in paragraph 33 that Plaintiff's career is in limbo because NBME denied his requests for testing accommodations. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore denies them.

34. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. NBME denies that it engaged in any discriminatory conduct, and therefore denies the allegations in the third sentence of paragraph 38. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. NBME admits that Plaintiff paid a fee to take the Step 2 CK examination. NBME denies the remaining allegations in paragraph 39.

40. NBME denies the allegations in paragraph 40.

41. NBME admits that it maintains records of Plaintiff's scores on Step 2 CK of the USMLE. NBME denies that Plaintiff's failure to pass Step 2 CK is "the result of discriminatory test administration," and therefore denies the remaining allegations in paragraph 41 as stated.

42. NBME denies the allegations in paragraph 42.

43. NBME admits that the United States Department of Justice issued a press release in February 2011 regarding a settlement agreement it entered into with NBME. NBME admits that an unsigned copy of the settlement agreement was filed as Exhibit A to Plaintiff's complaint, and states that the content of this agreement and the Department of Justice press release speaks for itself. NBME denies the remaining allegations in paragraph 43.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

44. NBME restates and incorporates by reference the paragraphs above.

45. NBME denies the allegations in paragraph 45.

46. NBME denies the allegations in paragraph 46.

47. NBME admits that it is subject to a specific provision in Title III of the ADA, found at 42 U.S.C. § 12189. NBME denies the remaining allegations in paragraph 47.

48. NBME denies the allegations in paragraph 48 as stated.

49. NBME denies that Plaintiff accurately quotes the language of 42 U.S.C. § 12189 in paragraph 49.

50. NBME denies Plaintiff's allegations in paragraph 50, which attempt to paraphrase 28 C.F.R. § 36.309(b)(iii)(2), and states that the regulation speaks for itself. NBME denies the remaining allegations in paragraph 50.

51. NBME denies the allegations in paragraph 51 as stated, and states that it cosponsors the test, which, on information and belief, is accepted by medical licensing authorities as evidence of minimum competency for the safe and effective practice of medicine.

52. NBME denies Plaintiff's allegations in paragraph 52, which attempt to paraphrase 28 C.F.R. § 36.309, and states that the regulation speaks for itself.

53. NBME denies Plaintiff's allegations in paragraph 53, which attempt to paraphrase 28 C.F.R. § 36.309(b)(1)(i), and states that the regulation speaks for itself.

54. NBME denies the allegations in paragraph 54.

55. NBME denies the allegations in paragraph 55.

56. NBME denies the allegations in paragraph 56.

57. NBME denies the allegations in paragraph 57.

58. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 58, and therefore denies them. NBME denies the remaining allegations in paragraph 58.

59. NBME denies that it has discriminated against Plaintiff. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59, and therefore denies them.

60. NBME denies the allegations in paragraph 60.

61. NBME denies the allegations in paragraph 61.

62. NBME denies the allegations in paragraph 62.

63. NBME denies the allegations in paragraph 63.

## SECOND CLAIM FOR RELIEF

64. NBME restates and incorporates by reference the paragraphs above.

65. NBME denies the allegations in paragraph 65.

66. NBME denies the allegations in paragraph 66.

67. NBME denies the allegations in paragraph 67.

68. NBME denies the allegations in paragraph 68.

69. NBME denies the allegations in paragraph 69.

70. NBME denies the allegations in paragraph 70.

71. NBME denies the allegations in paragraph 71.

72. NBME denies the allegations in paragraph 72.

73. NBME denies the allegations in paragraph 73.

74. NBME denies the allegations in paragraph 74.

## THIRD CLAIM FOR RELIEF

75. NBME restates and incorporates by reference the paragraphs above.

76. NBME admits that it offers the NBME Step 2 CK examination in New Jersey. NBME denies the remaining allegations in paragraph 76.

77. NBME denies the allegations in paragraph 77.

78. NBME denies the allegations in paragraph 78.

79. NBME denies the allegations in paragraph 79.

80. NBME denies the allegations in paragraph 80.

81. NBME denies the allegations in paragraph 81.

82. NBME denies the allegations in paragraph 82.

The remaining allegations in Plaintiff's Complaint constitute a prayer for relief for which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.

## **DEFENSES**

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery.

### **FIRST AFFIRMATIVE DEFENSE**

1. To the extent that the Complaint fails to state a cause of action, Plaintiff is not entitled to relief.

### **SECOND AFFIRMATIVE DEFENSE**

2. To the extent Plaintiff lacks standing to seek relief under the ADA, he is not entitled to relief.

### **RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

3. NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have additional defenses available. NBME reserves the right to assert additional defenses in the event discovery or further analysis indicates that additional unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgment as follows:

1. That Plaintiff take nothing and be denied all relief requested in his Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice on the merits;

3. That NBME recover its costs herein; and

4. That NBME be awarded such other and further relief as the Court deems just and proper.

Dated:  June 22, 2017            Respectfully submitted,

/s/ Felice B. Galant
Felice B. Galant
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone:  (212) 318-3000
Facsimile:  (212) 318-3400
felice.galant@nortonrosefulbright.com

Robert A. Burgoyne
 (*pro hac vice*)
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, D.C.  20001
Telephone:  (202) 662-0200
Facsimile:  (202) 662-4643

Counsel for Defendant NBME

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to Plaintiff's Complaint was served on counsel for Plaintiff through the Court's CM/ECF system on June 22, 2017.

/s/ Felice Galant<br>
Felice Galant