IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN MESSENGER,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | Case No.: 17-03755 (FLW)<br>**ORDER** |

**ORDER APPOINTING INDEPENDENT EVALUATOR**

Pursuant to Rule 706 of the Federal Rules of Evidence, the Court hereby Orders as follows:

1)   The Court appoints Dr. Mark Greenberg as an Independent Evaluator to conduct a comprehensive forensic psychoeducational evaluation of Plaintiff Bryan Messenger ("Dr. Messenger"), and to submit a written report to the Court and the parties detailing the results of the Independent Evaluation.

2)   Utilizing his professional expertise and judgment, the Independent Evaluator shall provide an opinion on whether Dr. Messenger has a Specific Learning Disorder in the area of reading (referred to as dyslexia in the Complaint that has been filed in this case), decoding, fluency, and reading comprehension (e.g., rate and accuracy) under the relevant diagnostic criteria set forth in Diagnostic and Statistical Manual of Mental Disorders ("DSM-5").

3)   If the Independent Evaluator concludes that a diagnosis is warranted, the Independent Evaluator shall also address the nature and extent of any functional limitations that

1

Dr. Messenger experiences as a result of the diagnosed disorder in connection with taking the Step 2 Clinical Knowledge component of the United States Medical Licensing Examination ("Step 2 CK") – such as reading or concentrating.

4) If the Independent Evaluator concludes that Dr. Messenger has a Specific Learning Disability, the Independent Evaluator shall also make a recommendation regarding whether it is reasonable to provide extra testing time to Dr. Messenger as an accommodation when he takes the Step 2 CK exam and, if so, how much extra testing time should be provided to him.

5) In addition to any other documents that he might reasonably request from the parties, the Independent Evaluator shall review the following documents as part of his evaluation: (a) all documents that Dr. Messenger provided to the National Board of Medical Examiners ("NBME") in support of his request for accommodations on the USMLE, including reports from professionals who conducted prior psychoeducational evaluations of Dr. Messenger; and (b) reports prepared by any professionals who have reviewed Dr. Messenger's request for accommodations on behalf of the NBME.

6) NBME shall provide the Independent Evaluator with the documents referenced in Paragraph 6, with courtesy copies to Dr. Messenger's counsel. NBME shall also provide the Independent Evaluator (and Dr. Messenger's counsel) with questions that are representative of the content of the USMLE Step 2 CK exam.

7) The Independent Evaluator may also request other documents from the parties as part of his comprehensive evaluation. The parties shall provide such documents to the extent they are in a position to reasonably do so.

8) Dr. Messenger shall appear at the place and on the date(s) agreed to by the parties to be evaluated by the Independent Evaluator and shall cooperate in all aspects of the Independent Evaluation.

9) Counsel shall have no *ex parte* communication of any kind with the Court's Independent Evaluator.

10) The parties shall jointly bear the cost of the comprehensive psychoeducational evaluation. The Independent Evaluator shall submit his invoice(s) directly to the parties' respective counsel, reflecting the hourly rate that the parties have agreed upon with the Independent Evaluator. This Order does not restrict the parties from seeking an award of costs and fees from the Court at a later time.

11) The Court retains the right to decide all issues, and this Order does not limit the right of any party to call its own experts.

**SO ORDERED** this 3rd day of August 2017:

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge